FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 JUN 24 PM 2:31
CLERK L. Felder
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LYNN GEORGE MAUK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-057 |
| | ) | |
| BARRY GOODRICH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lynn George Mauk filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition for habeas corpus relief is time-barred by the applicable one-year statute of limitations.[2] Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] While Petitioner previously filed an application for a federal writ of habeas corpus in 2002, the instant petition is not considered a second or successive petition. See 28 U.S.C. § 2244(b)(3)(A). As discussed in detail below, the prior petition was ultimately dismissed for failure to exhaust state court remedies, and the Supreme Court has held that "[a] habeas

proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no. 2),[3] that this § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

## I. BACKGROUND

On May 8, 1997, Petitioner was convicted in the Superior Court of Richmond County, Georgia, on one count of simple sodomy and one count of false imprisonment. (Doc. no. 1, p. 1). He was sentenced to fifteen years on the sodomy count and ten (10) years on the false imprisonment count, to be served concurrently. (Id.). Petitioner filed a motion for new trial, which was denied, and Petitioner appealed to the Georgia Court of Appeals. (Id. at 3-4). Petitioner's only enumeration of error was that his conviction for sodomy should be reversed in light of the of Georgia Supreme Court's decision in Powell v. State, 510 S.E.2d 18 (Ga. 1998). See Mauk v. State, 529 S.E.2d 197, 198 (Ga. Ct. App. 2000). In Powell, the Georgia Supreme Court held that the Georgia sodomy statute was unconstitutional to the extent it criminalized private, unforced sexual behavior between consenting adults. Powell, 510 S.E.2d at 26. Because Powell was convicted "for performing an unforced act of sexual intimacy with one legally capable of consenting thereto in the privacy of his home," his conviction was reversed. Id. In Petitioner's case, the state appellate court rejected Petitioner's argument that Powell required reversal because the record established that the conduct leading to Petitioner's conviction occurred in a wooded

---

petition filed in the district court after an initial habeas petition was . . . dismissed for failure to exhaust state remedies is not a second or successive petition." Slack v. McDaniel, 529 U.S. 473, 485-86 (2000); see also Walker v. Crosby, 341 F.3d 1240, 1245 n.5 (11th Cir. 2003).

[3]The motion to proceed *in forma pauperis* should be denied as moot as the docket reflects that Petitioner has paid the requisite $5.00 filing fee. (See docket entry no. 1).

2

area, not a private home, and was not consensual. Mauk, 529 S.E.2d at 198. Accordingly, the Georgia Court of Appeals affirmed Petitioner's conviction. Id. at 199.

Petitioner then filed a petition for a writ of certiorari with the Georgia Supreme Court in which he contended that the Georgia Court of Appeals' opinion violated his 6th Amendment right to trial by jury and his procedural due process rights under the 14th Amendment because the appellate court usurped the jury's role as trier of fact and found that the conduct occurred in a public place. (Doc. no. 1, p. 4). He also asserted that he was not given notice of the charges against him under the new rule established in Powell and Lawrence v. Texas, 539 U.S. 558 (2003). (Id.). The Georgia Supreme Court denied his petition, as well as his motion for reconsideration. (Id.). Thereafter, Petitioner filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on March 19, 2001. (Id. at 5); see also Mauk v. Georgia, 532 U.S. 924 (2001).

Following this sequence of events, Petitioner did not file a state habeas petition but instead filed his first federal petition for a writ of habeas corpus in this Court on March 14, 2002. (Id. at 6); see also Mauk v. Lanier, CV 102-042 (S.D. Ga. Mar. 14, 2002) (hereinafter "CV 102-042"). In his first federal habeas petition, Petitioner once again contended that his 6th Amendment and procedural due process rights were violated because a jury did not find that his conduct took place in a public place. CV 102-042, doc. no. 1. Following the denial of the respondent's motion to dismiss, both parties were directed file a brief addressing the issue of whether the case should be "administratively closed" while the United States Supreme Court considered the constitutionality of a Texas sodomy statute that criminalized private homosexual conduct. Id., doc. no. 11, p. 1 (citing Lawrence v. Texas, 41 S.W.3d 349

3

(Tex. Ct. App. 2001)). Upon consideration of both parties' briefs, on April 4, 2003, the Honorable Dudley H. Bowen, Jr., United States District Judge, stayed the case pending the Supreme Court's decision. Id., doc. no. 16.

Approximately a year and a half later, CV 102-042 was re-opened, see id., doc. no. 18, and the Court proceeded to address the merits of the petition, including whether Petitioner's substantive due process rights had been violated in light of the Supreme Court's decision in Lawrence v. Texas. In the January 31, 2006 Report and Recommendation, the undersigned recommended that Petitioner's 6th Amendment and procedural due process claims be dismissed on the merits, and that his substantive due process claim be dismissed for failure to exhaust his state court remedies. Id., doc. no. 21. In an Order issued March 1, 2006, Judge Bowen determined that Petitioner had failed to exhaust his state court remedies with respect to all his claims, and the petition was dismissed with prejudice. Id., doc. no. 24.

Dissatisfied with this result, Petitioner appealed the dismissal to the Eleventh Circuit Court of Appeals. Id., doc. no 26; see also Mauk v. Lanier, 484 F.3d 1352 (11th Cir. 2007). In its opinion, the Eleventh Circuit affirmed the district court's dismissal of the petition but determined that it should have been dismissed without prejudice, as Petitioner had not "fairly presented" his 6th Amendment and procedural due process claims to the Georgia state courts and had thus failed to exhaust his state court remedies with respect to those claims as well. Mauk, 484 F.3d at 1358. Accordingly, the Eleventh Circuit remanded the case to allow the district court to enter an order dismissing the petition without prejudice. Id. On remand, the March 1st Order was vacated, and on November 1, 2007, a new order was entered dismissing

all of Petitioner's claims without prejudice to allow Petitioner to pursue his state court remedies. CV 102-042, doc. no. 32.

Following the dismissal of his federal habeas petition without prejudice, Petitioner filed his first state habeas petition in the Superior Court of Dooly County, Georgia on November 7, 2007. (Doc. no. 1, p. 5). Again, Petitioner contended that his 6th Amendment and procedural due process rights were violated by the Georgia Court of Appeals when it made the factual finding that Petitioner's conduct did not occur in private. (Id.).[4] Following an evidentiary hearing, the state habeas court denied the petition on January 2, 2009. (Id.). Petitioner filed a certificate of probable cause to appeal, which was denied by the Georgia Supreme Court on April 28, 2009. (Id.). Petitioner filed a motion for reconsideration, (id. at 6), which was also denied.[5]

Petitioner filed the instant § 2254 petition for a federal writ of habeas corpus on May 20, 2009, in which he asserts the following claims of error:

(1) his 6th Amendment right to trial by jury was violated because (a) the jury never considered whether the conduct leading to his conviction occurred in a public place, and (b) the Georgia Court of Appeals usurped the jury's role as trier of fact in determining that the conduct did occur in a public place;

(2) his procedural due process rights were violated because the indictment did not allege that the location of the conduct was a public place and thus Petitioner did not have the chance to present evidence to contradict that element of the offense at trial; and

---

[4]The Court notes that Petitioner does not state that he pursued his substantive due process claim under Lawrence in his state habeas petition. (Doc. no. 1, p. 5).

[5]See Supreme Court of Georgia, http://supreme.courts.state.ga.us (search "Docket Search" by "07DV0299"; follow "S09H0833" hyperlink).

(3) the Supreme Court's decision in <u>Lawrence</u> warrants reversal of his conviction.

(Doc. no. 1, pp. 2-3).

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Direct review of Petitioner's underlying criminal case concluded when the United States Supreme Court denied his petition for a writ of certiorari on March 19, 2001. Accordingly, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in March 2001. See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1274-75 (11th Cir. 2006) (*per curiam*) (citing Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002)) ("The judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari . . . .").

### B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from March 2001, to file his federal habeas corpus petition. Petitioner did file his first federal habeas petition in March 2002, which was ultimately dismissed without prejudice for failure to exhaust state court remedies. However, the fact that Petitioner filed a previous federal habeas petition is of no help to him in the instant action, as the Supreme Court has held that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations" under § 2244(d)(2). Rhines v. Weber, 544 U.S. 269, 274-75 (2005) (citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001)); see also Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002) (noting the Supreme Court's holding in Duncan later cited in Rhines). Thus, the period during which Petitioner's first federal habeas petition was pending before this Court does not toll the statute of limitations with respect to the instant petition.

The Court also recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his state habeas petition in November 2007, the one-year statute of limitations for filing a federal petition had expired. Therefore, this statutory tolling provision of the AEDPA is also of no help to Petitioner because he did not commence state habeas proceedings until after the one-year period had expired for filing a federal habeas petition. Therefore, no time period remains to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA also describes three other situations which may delay or reset the one-year statute of limitations clock: where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence, where the State has created some "impediment" to filing the application, or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(B)-(D). While the argument is not made in reference to tolling the statute of limitations, Petitioner does contend that the Supreme Court's decision in Lawrence warrants reversal of his conviction. To the extent that Petitioner may be arguing that Lawrence also entitles him to tolling of the statute of limitations, the Court finds this argument unavailing. Other courts outside the

Eleventh Circuit have recognized that Lawrence established a new rule of substantive law that is retroactive to cases on collateral review. See, e.g., Muth v. Frank, 412 F.3d 808, 817 (7th Cir. 2005). However, the Supreme Court has not ruled on this issue, and the case cited above is not binding precedent in the Eleventh Circuit.

More to the point, however, Petitioner has not demonstrated that he is a "beneficiary" of the Supreme Court's holding in Lawrence. Indeed, the statute at issue in Lawrence criminalized certain sexual conduct between two persons of the same sex, and the Court ultimately found that the statute was unconstitutional as it applied to private homosexual conduct between consenting adults. Lawrence, 539 U.S. at 562, 578. However, the holding in Lawrence has no bearing on the instant case, as the Georgia Court of Appeals decided that the conduct leading to Petitioner's conviction did not occur in private with a consenting adult.[6] Rather, the conduct at issue took place in a wooded area with a woman who was found struggling to get away from Petitioner. See Mauk, 529 S.E.2d at 198. Accordingly, to the extent Petitioner argues that the statute of limitations should be tolled based on the holding in Lawrence, Petitioner has not demonstrated that Lawrence applies to his case, and the Court finds this argument to be without merit. As Petitioner has presented no other reason to suppose that any of the situations listed § 2244(d)(1) apply to this case, none of

---

[6]The Court of course recognizes another striking difference between the two cases, namely that the conduct leading to Petitioner's conviction did not take place between persons of the same sex and the Georgia statute under which Petitioner was convicted is not specific to homosexual conduct. See O.C.G.A. § 16-6-2. However, the Eleventh Circuit has noted that the holding in Lawrence "applies to statutory provisions prohibiting both heterosexual and homosexual consensual sodomy." Doe v. Pryor, 344 F.3d 1282, 1288 n.2 (11th Cir. 2003). Accordingly, the Court discusses here the other differences demonstrating that the holding in Lawrence is inapplicable to Petitioner's case.

9

these provisions provide a valid statutory ground for extending the one-year statute of limitations.

C.  **Equitable Tolling and Claims of Actual Innocence**

Of course, the untimeliness of the instant petition under the provisions of the AEDPA may be "excused" if Petitioner demonstrates that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Moreover, a claim of actual innocence may warrant consideration of an otherwise untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The Eleventh Circuit has described the actual innocence exception as follows:

> This exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence. See Calderon v. Thompson, 523 U.S. 538, 559, 118 S. Ct. 1489, 1502-03, 140 L. Ed.2d 728 (1998); Murray [v. Carrier], 477 U.S. [478,] 495-96, 106 S. Ct. at 2649 (explaining that a "fundamental miscarriage of justice" occurs "in an

10

> extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed.2d 808 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." Calderon, 523 U.S. at 559, 118 S. Ct. at 1502-03 (quoting Schlup, 513 U.S. at 324, 115 S.Ct. at 865) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected" (internal quotation marks omitted)).

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Here, Petitioner has failed to demonstrate that any extraordinary circumstances, let alone extraordinary circumstances and due diligence on his part, entitle him to equitable tolling of the statute of limitations, and no such argument leaps from the face of the petition. To the extent Petitioner argues that the holding in Lawrence warrants the application of the actual innocence exception, this argument fails, as it essentially amounts to a claim of legal sufficiency or "legal innocence"and does not suffice to establish Petitioner's actual innocence. Thus, Petitioner has failed to meet the stringent standard necessary to trigger the actual innocence exception. Therefore, neither equitable tolling nor the actual innocence exception are available to extend the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments that would support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations and should be dismissed as untimely.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no. 2), that this § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE