IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LYNN GEORGE MAUK, | ) |
| Petitioner, | ) ) ) |
| v. | ) CV 109-057 |
| BARRY GOODRICH, Warden, | ) ) ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Two of Petitioner's objections merit further discussion, but they do not change the Court's opinion with respect to the Report and Recommendation.

The Magistrate Judge recommended that the instant petition be dismissed as untimely, specifically noting that the pendency of Petitioner's first federal habeas petition did not toll the statute of limitations. (Doc. no. 4, p. 7). As discussed by the Magistrate Judge, this first case was administratively closed while the United States Supreme Court considered the constitutionality of a Texas sodomy statute in Lawrence v. Texas, 539 U.S. 558 (2003), which Petitioner contends applies to his case. (Doc. no. 4, pp. 3-4). Notably, Petitioner agreed that his first case should be stayed pending the Supreme Court's decision. See Mauk v. Lanier, CV 102-042, doc. no. 15 (S.D. Ga. Mar. 13, 2009) (hereinafter "CV 102-042").

In his objections, Petitioner contends that the instant petition should not be dismissed as untimely because, as Petitioner states, his "case is again before the federal courts on the Eleventh Circuit's invitation." (Doc. no. 6, p. 2). More specifically, Petitioner argues that, following his appeal in his first case, he simply followed the Eleventh Circuit's instructions to return to state court to exhaust his remedies there. (Doc. no. 6, pp. 1-2 (citing Mauk v. Lanier, 484 F.3d 1352 (11th Cir. 2007))). Petitioner goes on to contend that it was implied in the Eleventh Circuit's instructions that once he had exhausted his state court remedies, he would be permitted to again seek relief in this Court without being subject to the timeliness requirements applicable to federal habeas petitions filed pursuant to 28 U.S.C. § 2254. (Id. at 2).

It is true that the Eleventh Circuit determined that Petitioner's first federal petition should have been dismissed without prejudice to allow Petitioner to exhaust his state court remedies. Mauk, 484 F.3d at 1358. However, the dismissal of Petitioner's first habeas petition without prejudice does not mean that the instant petition is no longer subject to the one-year statute of limitations in federal court. Nor did the Eleventh Circuit make any suggestion that the timeliness requirements applicable to § 2254 petitions would be waived once Petitioner returned to federal court. Moreover, the Supreme Court has squarely foreclosed any argument that the pendency of a federal habeas petition tolls the AEDPA's statute of limitations. See Rhines v. Weber, 544 U.S. 269, 274-75 (2005) (citing Duncan v. Walker, 533 U.S. 167, 181-82 (2001)); see also Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002) (noting the Supreme Court's holding in Duncan later cited in Rhines). Thus, this objection is without merit and is **OVERRULED**.

Petitioner next objects that Lawrence should apply retroactively to his case to toll the statute of limitations. As noted in the Magistrate Judge's recommendation, the statute of limitations may be tolled where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Generally, new constitutional rules of criminal procedure created by the Supreme Court are not retroactively applicable to cases on collateral review. See Teague v. Lane, 489 U.S. 288, 310 (1989). In contrast, however, new *substantive* rules of criminal law can be applied retroactively on collateral review. Ross v. United States, 289 F.3d 677, 681 (11th Cir. 2002) (*per curiam*). A new rule is substantive, rather than procedural, "when it interprets 'the meaning of a criminal statute . . .' so that the conduct for which a defendant was convicted may no longer be illegal." Id. (citing Bousley v. United States, 523 U.S. 614, 620 (1998)).

Here, the Court concludes that the rule established in Lawrence is a new rule of substantive law that may be applied retroactively to cases on collateral review.[1] See Muth v. Frank, 412 F.3d 808, 817 (7th Cir. 2005) ("Lawrence is a new substantive rule and is thus retroactive." (citation omitted)). Indeed, the Supreme Court held in Lawrence that states

---

[1] Several courts, including the Eleventh Circuit, have held, in the context of § 2255 cases, that "a court other than the Supreme Court can make the retroactivity decision . . . ." Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir. 2004) (citations omitted); see also United States v. Swinton, 333 F.3d 481, 487 (3d Cir. 2003); Ashley v. United States, 266 F.3d 671, 673-74 (7th Cir. 2001); United States v. Lopez, 248 F.3d 427, 431 (5th Cir. 2001). The language in § 2255 regarding the tolling of the statute of limitations based on a retroactively applicable Supreme Court decision is nearly identical to the language applicable to § 2254 cases regarding the same issue. Compare 28 U.S.C. § 2255(f)(3) with 28 U.S.C. § 2244 (d)(1)(C). Thus, this Court may determine the retroactive applicability of the Supreme Court's holding in Lawrence.

3

could no longer criminalize homosexual sodomy, Lawrence, 539 U.S. 578-79, and thus individuals imprisoned for engaging in such conduct may be eligible for a writ of habeas corpus because such conduct is no longer illegal, see Muth, 412 F.3d at 817. However, in the instant case, Petitioner has not been imprisoned for engaging in homosexual sodomy. Thus, the real issue before the Court is whether Petitioner is a "beneficiary" of the rule established in Lawrence. For the following reasons, the Court concludes that he is not.

It is true that the crimes at issue in both Lawrence and Petitioner's underlying criminal case, namely simple sodomy, are the same. However, important differences between the two cases counsel against a finding that Petitioner is a beneficiary of the holding in Lawrence. First, the conduct at issue in Lawrence was consensual, homosexual behavior. In contrast, the conduct leading to Petitioner's conviction was anything but consensual and homosexual. Indeed, the record establishes that the conduct underlying Petitioner's conviction took place with a woman who was found struggling to get away from Petitioner. See Mauk v. State, 529 S.E.2d 197, 198 (Ga. Ct. App. 2000).

Moreover, in Lawrence, the Supreme Court was particularly concerned that the conduct at issue took place in the privacy of the home. See Lawrence, 538 U.S. at 566 (noting that the "penalties and purposes" of the statute at issue "touch[] upon the most private human conduct . . . in the most private of places, the home"). Petitioner implies that Lawrence should apply retroactively to his case because the conduct leading to his conviction also took place in private. Specifically, even though the conduct leading to his conviction took place outside in a wooded area, Petitioner seems to contend that because no one saw it occur, the conduct should still be considered private. (See doc. no. 1, pp. 2-3). The Court

4

finds this argument unavailing. Indeed, Petitioner admits that the conduct leading to his conviction did not occur within the privacy of his home, a particular concern of the Supreme Court when it issued its opinion in Lawrence.

In sum, the Court finds that Lawrence announced a new substantive rule of criminal law that is retroactively applicable to cases on collateral review. That said, Petitioner has not demonstrated that he is a beneficiary of the Supreme Court's holding. The conduct at issue in Lawrence was consensual, homosexual behavior that took place in the privacy of the home. In contrast, the conduct leading to Petitioner's conviction was non-consensual, heterosexual behavior that took place outside the privacy of the home. Thus, Petitioner's argument that Lawrence should be applied retroactively to toll the statute of limitations is without merit, and this objection is **OVERRULED**.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the motion to proceed *in forma pauperis* is **DENIED** as **MOOT** (doc. no. 2), this § 2254 petition is **DISMISSED** as untimely, and this civil action is **CLOSED**.

SO ORDERED this 10th day of September, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2]The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

5